**UNITED STATES of America,**
**Plaintiff,**

v.

**Dennys MARRERO–ROMERO**
**[23], Defendant.**

**Criminal No. 12–414 (DRD).**

United States District Court,
D. Puerto Rico.

July 15, 2013.

Alberto R. Lopez–Rocafort, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

On May 24, 2012, U.S. Magistrate Judge Silvia Carreño–Coll returned Defendant Dennys Marrero Romero's indictment (Docket Nos. 3 and 4). Defendant was subsequently arrested in the Commonwealth of Pennsylvania on September 17, 2012. On the same date, he was taken before the U.S. District Court for the Middle District of Pennsylvania, which ordered Marrero's transfer to the District of Puerto Rico. Marrero arrived at the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC") on September 25, 2012. Eighty days later, on December 14, 2012, Marrero was taken to Court for an Arraignment and Bail Hearing before U.S. Magistrate Judge Camille L. Vélez–Rivé.[1]

On March 4, 2013, Marrero filed a motion to dismiss alleging violations of the Speedy Trial Act ("STA") and his Sixth Amendment right to a speedy trial (Docket No. 815). Marrero argues that the eighty-eight days spent incarcerated (the eight days he spent incarcerated in Pennsylvania as well as the eighty days spent at MDC) before being taken to Court is an extensive delay that violates the STA and his constitutional rights. Accordingly, Marrero requests that the Indictment be dismissed with prejudice.

On March 18, 2013, the Government opposed this motion (Docket No. 869). The Government avers that the STA was not triggered until December 14, 2012, the date of Defendant's arraignment in Puerto Rico. In the alternative, if the Court were to conclude that Defendant's STA rights began when he was arrested in Pennsylvania, the delay is not prejudicial as it only amounts to eighty-eight days. Additionally, the Government posits that the delay was caused by matters outside of the Government's control; that Defendant suffered no prejudice other than a loss of liberty; and that charges against the Defendant are quite serious and thus a dismissal would adversely affect the administration of Justice.

■ Marrero argument is not a novel one. The Government has identified a First Circuit case, *United States v. Munoz–Amado*, 182 F.3d 57 (1st Cir.1999), that is directly on point regarding Marrero's STA claims. *Munoz–Amado* involves

---

1. Magistrate Judge Vélez–Rivé subsequently granted Marrero bail on January 14, 2013

(Docket No. 648).

identical circumstances of a defendant alleging a STA and Sixth Amendment violation for delays incurred while being transferred to Puerto Rico. In that case, the First Circuit noted that Section 3161(c)(1) of the STA states that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.*" *Munoz–Amado,* 182 F.3d at 60 (emphasis in the original). Here, the STA clock did not begin to tick until December 14, 2012 when Marrero was arraigned before a Magistrate Judge in the District of Puerto Rico, the court in which the charges were pending. Accordingly, the Court determines that there was no STA violation as a result of Marrero's transfer to Puerto Rico.

On a final note, the Court notes two critical details regarding the STA clock. First, on October 15, 2012, the Court tolled the STA for thirty days in the interests of justice. (Docket No. 461). Thus, if Marrero had been arraignment by that date, the STA would have been tolled for thirty days for him as well. Second, and more critically, an additional co-defendant, Abraham Walker–Couvertier [12] was arraigned on May 20, 2013 (Docket No. 1062), 157 days after Marrero's arraignment. Hence, the period between Marrero's arraignment and Walker–Couvertier's arrangement is excludable as the First Circuit has held that the "STA clock begins to run anew on the date of the last co-defendant's arraignment." *United States v. Barnes,* 251 F.3d 251, 258–59 (1st Cir.2001).

Turning to Marrero's constitutional argument, the Court remains ever faithful to Sixth Amendment's bedrock protection that all criminal defendants "enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "If the government violates this constitutional right, the criminal charges must be dismissed." *United States v. Dowdell,* 595 F.3d 50, 60 (1st Cir.2010)(citing *Strunk v. United States,* 412 U.S. 434, 439–40, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973)).

The lack of an STA does not necessarily preclude a court from finding a violation of Marrero's Sixth Amendment right to a speedy trial. *See Munoz–Amado,* 182 F.3d at 61; *United States v. Santiago–Becerril,* 130 F.3d 11, 21 (1st Cir. 1997). In *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the U.S. Supreme Court established a four-part balancing test to be used in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated. In *Barker,* the Supreme Court instructed that a court should consider: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay. "None of these factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Munoz–Amado,* 182 F.3d at 61 (internal quotations omitted).

As to the first factor, "courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citations omitted). Here, Marrero's eighty-eight days of incarceration before appearing before a Magistrate Judge in the District of

Puerto Rico falls well short of this benchmark. The record is devoid of pertinent information to shed light of the second and third factors. The Government fails to offer any credible explanation as to why Marrero was in federal custody in Puerto Rico but not arraigned for eighty days. Similarly, there is no assertion or evidence that Marrero ever requested, formally or informally, to appear before a judicial officer. As to the final factor, Marrero concedes, and the Court agrees, that he has not suffered any prejudice beyond the loss of his liberty as a result of his eighty days of incarceration in MDC prior to appearing before Magistrate Judge Vélez–Rivé.

While there is "no bright-line time" limit for determining a presumptively prejudicial delay, the Court concludes that eighty or eighty-eight days in the instant controversy does not constitute a presumptively prejudicial delay. *Dowdell,* 595 F.3d at 60. In "weighing all [four of the *Barker*] factors collectively," *United States v. Colombo,* 852 F.2d 19, 23 (1st Cir.1988), our inquiry has revealed no constitutional violation. Accordingly, after careful consideration of the *Barker* factors, the Court determines that Marrero's Sixth Amendment right to a speedy trial has not been violated.

We need not go further. For the reasons expressed above, the Court hereby **DENIES** Marrero's motion to dismiss (Docket No. 815).

**IT IS SO ORDERED.**